| | | |
|---|---|---|
| **TIMOTHY BLAKES** | * | **NO. 2021-CA-0572** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **HALLMARK SPECIALTY INSURANCE COMPANY AND** | * | **FOURTH CIRCUIT** |
| **GERMAINE DAVIS** | * | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-07507, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*
**On Application for Rehearing**

(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase, Judge Pro Tempore Lynn Luker)

**LOBRANO, J. DISSENTS AND ASSIGNS REASONS**

Patrick G. Kehoe, Jr.
PATRICK G. KEHOE, JR., APLC
3524 Canal Street
New Orleans, LA 70119

Warren A. Forstall, Jr.
LAW OFFICES OF WARREN A. FORSTALL, JR.
320 North Carrollton Avenue
Suite 200
New Orleans, LA 70119

COUNSEL FOR PLAINTIFF/APPELLANT

Robert E. Kerrigan, Jr.
Geoffrey A. Mitchell
Raymond C. Lewis
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, LA 70130

Shaundra M. Schudmak
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street
Suite 2775
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLEE

**REHEARING GRANTED FOR THE LIMITED PURPOSE OF CLARIFICATION; APPELLATE JUDGMENT OF JUNE 15, 2022 MAINTAINED**
**JUNE 24, 2022**

TG

Appellant, Timothy Blakes (hereinafter "Mr. Blakes"), petitions this Court for a rehearing of our June 15, 2022 decision, which affirmed the trial court's judgment denying his motion for judgment notwithstanding the verdict (hereinafter "JNOV") and request for additur. We grant rehearing solely to restate the fundamental principles addressed in our original opinion.

As stated in our original opinion, JNOV is only warranted when the facts and inferences are so strongly and overwhelmingly in the favor of the mover that the court believes reasonable jurors could not have arrived at a contrary verdict. *Davis v. Wal-Mart Stores, Inc.,* 2000-0445, p. 4 (La. 11/28/00), 774 So.2d 84, 89. All reasonable inferences or factual questions should be resolved in favor of the non-moving party. *Id.* This Court, in reviewing a JNOV, must utilize the same criteria as the trial court in deciding whether the motion was properly granted or denied. *Trunk v. Med. Ctr. Of Louisiana at New Orleans,* 2004-0181, p. 5 (La. 10/19/04), 885 So.2d 534, 537.

Our original analysis, resolving all questions in favor of the non-moving party, led to our finding that the facts and inferences are not so

strongly in favor of Mr. Blakes that reasonable jurors could not have awarded $50,000.00 specifically for past, present, and future physical pain and suffering. We concluded that after this finding, no evaluation of quantum was appropriate, and our analysis ended. Throughout our original opinion, we were cautious to address Mr. Blakes' appeal of the award for past, present and future pain and suffering and did not conflate the award of those specific damages with other items of damages awarded.[1]

We further emphasize that this Court's original opinion included the reasoning behind the strict JNOV criteria: that a JNOV might deprive the parties of their right to have all disputed issues resolved by the jury. *Martin v. Heritage Manor S. Nursing Home,* 2000-1023, pp. 4-5 (La. 4/3/01), 784 So.2d 627, 631-632. Mr. Blakes chose to submit his case to a jury of his peers, and was able to present the evidence he chose to, including pictures of the accident, his own testimony, and testimony of his treating physicians. We must adhere to the axiom "when there is a jury, the jury is the trier of fact." *Smith v. State Dept. of Transp. & Dev.,* 2004-1317, pp. 12-13 (La. 3/11/05), 899 So.2d 516, 525 (quoting *Trunk, supra.*) "A judgment, whether it results from the assent of the parties or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law." *Plaquemines Par. Gov't v. Getty Oil Co.,* 1995-2452, p. 6 (La. 5/21/96), 673 So.2d 1002, 1006. Whether or not we agree with a jury's conclusion, if evidence opposed to a motion for JNOV exists which would allow the jury to reach that conclusion in the exercise of impartial judgment, the motion should be denied. *See Davis, supra.* It is not within our

---

[1] Mr. Blakes' reference to *Bryan v. City of New Orleans*, 1998-1263, p. 2 (La. 1/20/99), 737 So.2d 969, 697-698, is inapposite. In *Bryan*, the trial court made a lump-sum judgment presumed to award all items of damage claims, which resulted in this Court's inability to determine what the trial court awarded for different types of damages. That is not true in the case *sub judice*.

purview to substitute our findings for those of the jury chosen by the parties to try their case. It is our duty, and the hallmark of the jury system, to maintain the sanctity of jury verdicts. Our holding is consistent with that duty. As restated herein, the original opinion of this Court is affirmed.

**REHEARING GRANTED FOR THE LIMITED PURPOSE OF CLARIFICATION; APPELLATE JUDGMENT OF JUNE 15, 2022 MAINTAINED**